```
               IN THE UNITED STATES DISTRICT COURT

            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ANTHONY NELSON and              :       CIVIL ACTION
KENNETH JONES                   :
                                :
         v.                     :
                                :
DEVRY, INC. d/b/a DEVRY         :
UNIVERSITY and KENNETH          :       NO. 07-4436
WHISLER                         :
```

MEMORANDUM AND ORDER

McLaughlin, J.                                          July 22, 2008


        Anthony Nelson and Kenneth Jones were employed by DeVry, Inc. ("DeVry").  DeVry terminated the employment of Nelson and Jones, who are both African-American, purportedly for failing to disclose prior criminal convictions.  Officer Kenneth Whisler, an Upper Dublin Township police officer, disclosed the purported prior convictions to DeVry as part of an investigation into stolen laptops.

        The plaintiffs bring claims against both defendants for employment discrimination under Title VII and the Pennsylvania Human Relations Act ("PHRA"), as well as civil rights claims under 42 U.S.C. §§ 1983 and 1985 and Pennsylvania state law claims of negligence, breach of contract, wrongful termination or discharge, conspiracy, and civil aiding and abetting.  Both DeVry and Officer Whisler have filed motions to dismiss.  The Court will dismiss all claims against DeVry except for the plaintiffs'

Title VII and PHRA claims.  The Court will dismiss all claims against Whisler.

I.      Allegations of the Complaint

DeVry is a higher education company that provides undergraduate and graduate degree programs.  DeVry employed both plaintiffs, who are African-American.  In their applications for employment, Nelson and Jones denied having any past felony or misdemeanor convictions.

In August 2005, DeVry reported to the police that several laptops had been stolen from a secure area.  Approximately eight employees, including both plaintiffs, had access to the area where the laptops were kept.  In September 2005, DeVry conducted an internal investigation into the stolen laptops and reviewed the plaintiffs' employment applications.  Officer Whisler conducted criminal background checks for DeVry.  During the September 2005 investigation, DeVry questioned the plaintiffs about any past felony or misdemeanor convictions.  The plaintiffs allege that DeVry's questions were based on false information provided by Officer Whisler that indicated that the plaintiffs had past convictions that were not disclosed on the plaintiffs' employment applications.  DeVry terminated the plaintiffs' employment after the internal investigation.

II. <u>Claims</u>

The plaintiffs' claims are: 1) negligence; 2) wrongful termination/discharge, discrimination, and retaliation; 3) breach of contract; 4) conspiracy and aiding and abetting; and 5) violation of civil rights.[1]  As the plaintiffs failed to specify which counts of their complaint are against which defendants, the Court will presume that all claims are against both defendants.

III. <u>Analysis</u>

The defendants have filed motions to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[2]  The Court will dismiss all claims

---

[1] From the plaintiffs' complaint, the Court can infer that Count II is meant to bring both a common law claim of wrongful termination as well as employment discrimination claims under the Pennsylvania Human Rights Act, 43 Pa. Cons. Stat. § 951, et seq. ("PHRA") and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. ("Title VII").  (Compl. ¶ 4.)

[2] In ruling on the defendants' motions to dismiss, the Court must accept all of the factual allegations in the complaint as true and must draw all inferences from the facts alleged in the light most favorable to the plaintiffs. <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 228 (3d Cir. 2008).  A plaintiff must include enough factual allegations to establish the plausibility of entitlement to recovery.  <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1965-66 (2007).  In <u>Phillips</u>, the Third Circuit summarized the Supreme Court's <u>Twombly</u> formulation of the pleading standard: "'[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."  <u>Phillips</u>, 515 F.3d at 234 (internal citations omitted).

against Officer Whisler.  The Court will dismiss all claims against DeVry except for the plaintiffs' Title VII and PHRA claims.

    A.    <u>Negligence (Count I)</u>

The Court will dismiss Count I against both Officer Whisler and DeVry.

    1.    <u>Officer Whisler</u>

Officer Whisler moves to dismiss the negligence claims against him on the grounds that he is entitled to immunity under the Political Subdivisions Tort Claims Act ("PSTCA"), 42 Pa. Cons. Stat. § 8541, <u>et seq.</u>  The Act provides that a local government entity may only be liable for injury to a person due to negligent acts that fall within one of the eight enumerated exceptions to immunity.[3]

The plaintiffs bring suit against Officer Whisler in

---

    [3]    Under 42 Pa. Cons. Stat. § 8542(b), acts by a local agency or its employees that may impose liability upon a local agency include:

    (1) Vehicle liability;
    (2) Care, custody or control of personal property;
    (3) Care, custody or control of real property;
    (4) Trees, traffic controls and street lighting;
    (5) Utility service facilities;
    (6) Streets;
    (7) Sidewalks; and
    (8) Care, custody or control of animals.

42 Pa.C.S. § 8542(b).

both his official and unofficial capacity.  Suits against municipal employees in their official capacities are "treated as claims against the municipal entities that employ these individuals."  Smith v. School Dist. of Philadelphia, 112 F. Supp.2d 417, 425 (E.D. Pa. 2000) (citing Hafer v. Melo, 502 U.S. 21, 25 (1991)).  To the extent that the plaintiffs allege negligence in Officer Whisler's individual capacity, the immunity provisions of the PSTCA do not apply if the act of the employee constituted a crime, actual fraud, actual malice or willful misconduct.  42 Pa. Cons. Stat. § 8550.

     The plaintiffs' claims against Officer Whisler in his official capacity must be dismissed as a matter of law because the negligence complained of, filing an allegedly false report, is outside of the 42 Pa. Cons. Stat. § 8542(b) exceptions.  The plaintiffs' negligence claims against Officer Whisler in his unofficial capacity must also be dismissed because the plaintiffs have failed to allege facts that plausibly suggest that the act of filing a false report was the result of actual malice or willful misconduct.[4]  The plaintiffs allege that, "Defendant, DeVry, based their [sic] questions on the intentionally

---

[4] Both defendants dispute the plaintiffs' allegation that the report from Whisler was false.  Whisler attached a copy of the report in question to his motion to dismiss.  (Docket No. 12 at 12-55.)  The Court does not need to consider this report because the Court will dismiss the claims against Whisler on other grounds.

recklessly, carelessly and/or negligently false information supplied by Defendant, Whisler." (Compl. ¶ 15.)  Aside from including the word "intentionally" in their complaint, the plaintiffs have not alleged facts that suggest that Officer Whisler filed a false criminal history report willfully or with malice.  Because the plaintiffs have not alleged facts that suggest that discovery will reveal evidence of willful misconduct or actual malice by Whisler, the Court will grant Whisler's motion to dismiss Count I.

> 2.   DeVry

The Court will also grant DeVry's motion to dismiss Count I.  The PHRA provides the statutory remedy for common law claims that are factually dependent on a discrimination claim. See Clay v. Advanced Computer Applications, 559 A.2d 917, 918 (1989); Keck v. Commercial Union Ins. Co., 738 F. Supp. 1034, 1039 (M.D. Pa. 1991) (noting the general rule that a common law claim is preempted by the PHRA unless factually independent of a discrimination claim).

To the extent that the plaintiffs allege negligence that stems from discriminatory termination of their employment, this claim is precluded because the claim is not factually independent from the plaintiffs' PHRA claim.  To the extent that the plaintiffs allege negligence that does not arise from discriminatory behavior, the plaintiffs have not produced any

Pennsylvania case law that recognizes a cause of action for negligent termination of employment and this assertion is at odds with Pennsylvania's presumption of at-will employment.  See Clay, 559 A.2d at 919 ("[C]ommon law rights to be free from termination of at-will employment are not generally recognized . . . ."); Luteran v. Loral Fairchild Corp., 688 A.2d 211, 214 (Pa. Super. Ct. 1997).  Nor do the plaintiffs allege any facts that plausibly suggest that DeVry unreasonably relied on the veracity of background checks provided by local law enforcement.  The Court therefore finds that the plaintiffs' claim of negligence against DeVry is both preempted and fails to state a claim.[5]

>   B.  Wrongful termination/discharge, discrimination, and retaliation (Count II)

Count II appears to bring both a common law claim of wrongful termination as well as employment discrimination claims under the PHRA and Title VII.  The Court will dismiss the plaintiffs' wrongful termination claims against both Whisler and DeVry.  The Court will dismiss the plaintiffs' employment discrimination claims against Whisler only.

---

[5]  In addition, DeVry argues that the plaintiffs' negligence claim is barred by the Pennsylvania Workers' Compensation Act, 77 Pa. Cons. Stat. § 481(a). Because the Court finds that the plaintiffs have failed to allege a claim of negligence, the Court does not need to reach this defense.

1.  <u>Wrongful Termination Against Whisler</u>

Whisler moves to dismiss the plaintiffs' claim for wrongful termination.  The plaintiffs have made no plausible allegations that Whisler was their employer or that he participated in the decision to fire them.  The plaintiffs also have not adequately pled a conspiracy claim against Whisler.  The plaintiffs have therefore failed to plead a wrongful termination claim against Whisler.[6]

2.  <u>Wrongful Termination Against DeVry</u>

DeVry moves to dismiss the plaintiffs' wrongful termination charge because the claim is preempted by the PHRA.  The Supreme Court of Pennsylvania has ruled unambiguously that the PHRA preempts wrongful discharge based upon discrimination.  <u>See</u> <u>Clay</u>, 559 A.2d at 919 ("[T]he PHRA provides a statutory remedy that precludes assertion of a common law tort action for wrongful discharge based upon discrimination."); 43 Pa. Cons. Stat. § 962(b).  The Court will therefore dismiss the plaintiffs'

---

[6]   The plaintiffs allege an additional fact that Whisler is "a believed employee" for DeVry in their opposition brief to Whisler's motion to dismiss.  (Docket No. 19 at 3.)  The Court will not consider this assertion: "It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."  <u>Commw. of Pa. ex. rel Zimmerman v. Pepsico, Inc.</u>, 836 F.2d 173, 181 (3d Cir. 1988) (internal quotation omitted).  In addition, counsel must conduct "a reasonable inquiry into the factual and legal legitimacy of the pleading."  <u>Simmerman v. Corino</u>, 27 F.3d 58, 62 (3d Cir. 1994) (vacating Rule 11 sanctions against the plaintiffs).

wrongful termination claims against DeVry.

### 3. Employment Discrimination

Under the PHRA and its federal counterpart, Title VII, it is unlawful for an employer to discharge an employee because of race.  43 Pa. Cons. Stat. § 955(a); 42 U.S.C. § 2000e-2(a).

On February 25th, 2008, the Court granted DeVry leave to amend its motion to dismiss to address the plaintiffs' claims under Title VII and the PHRA.  (Docket No. 17.)  DeVry has not done so and therefore DeVry does not contest the Title VII and PHRA claims at this stage.  The Court will, however, dismiss both Title VII and PHRA claims against Whisler because the plaintiffs have made no plausible allegations that Whisler was an employer or that he participated in the decision to fire the plaintiffs.

## C. Breach of Contract (Count III)

The Court will dismiss Count III against both Officer Whisler and DeVry.

### 1. Officer Whisler

The Court finds that the plaintiffs have failed to state a claim for breach of contract against Whisler.  The plaintiffs have not alleged any express or implied contract between the plaintiffs and Whisler.

### 2. DeVry

DeVry moves to dismiss Count III on the grounds that

the claim is preempted by the PHRA or alternatively that the plaintiffs have failed to make a prima facie case.  The plaintiffs do not allege the existence of any express contractual terms or that the plaintiffs ever signed a contract with DeVry.  Absent a contractual provision to the contrary, Pennsylvania state law creates a presumption of at-will employment that can be overcome by a violation of public policy. <u>Shick v. Shirey</u>, 716 A.2d 1231, 1233 (Pa. 1998).  Employer actions that discriminate on the basis of race violate public policy, but the PHRA provides the exclusive state law remedy for the PHRA's express prohibitions.  <u>See e.g.</u>, <u>Clay</u>, 559 A.2d at 919.  Because the plaintiffs have alleged only racial discrimination which is covered by the PHRA, the plaintiffs have not alleged an alternate violation of public policy that overcomes Pennsylvania's at-will presumption.  The Court will therefore dismiss Count III against DeVry.

   D.   <u>Conspiracy and Aiding and Abetting (Count IV)</u>

Count IV of the Complaint alleges conspiracy and aiding and abetting.  Although vaguely worded, the Complaint appears to allege state law claims for civil conspiracy, federal claims for civil conspiracy under 42 U.S.C. § 1985(3), and state law claims for aiding and abetting.  The Court will dismiss these claims against both defendants.

In order to state a cause of action for civil conspiracy under Pennsylvania law, a plaintiff must allege "'that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means. Proof of malice, i.e., an intent to injure, is essential in proof of a conspiracy.'" Skipworth v. Lead Indus. Ass'n, 690 A.2d 169, 174 (Pa. 1997) (quoting Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 472 (1979)).  Bare allegations of conspiracy, without more, are insufficient to state a claim.  See Brown v. Blaine, 833 A.2d 1166, 1173 n. 16 (Pa. Commw. Ct. 2003).

To make a prima facie case of conspiracy under 42 U.S.C. § 1985(3), the plaintiff must allege four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.  United Bhd. of Carpenters & Joiners, Local 610 v. Scott, 463 U.S. 825, 828-829 (1983); Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006).[7]  "[A] claimant must allege 'some racial, or perhaps otherwise class-based, invidiously

---

[7]   Section 1985(3) does not include a state actor requirement.  See Barnes Found. v. Township of Lower Merion, 242 F.3d 151, 162 (3d Cir. 2001).

11

discriminatory animus behind the conspirators' action' in order to state a claim." Farber, 440 F.3d at 135 (3d Cir. 2006) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).

The tort of civil aiding and abetting, which is also known as concerted tortious conduct, has recently been recognized as "a viable cause of action" under Pennsylvania common law. Sovereign Bank v. Ganter, 914 A.2d 415, 422 (Pa. Super. Ct. 2006) (quoting Koken v. Steinberg, 825 A.2d 723, 731 (Pa. Cmmw. Ct. 2003)). In analyzing the tort, the Superior Court of Pennsylvania looked to the elements set out in Section 876 of the Restatement (Second) of Torts. Ganter, 914 A.2d at 427.[8]

To make a prima facie case for either federal or state civil conspiracy, the plaintiffs must allege facts that, at a minimum, suggest some kind agreement or common intent. See Skipworth, 690 A.2d at 174; Farber, 440 F.3d at 134. To make a prima facie case for civil aiding and abetting, the plaintiffs must allege facts that suggest conduct that falls under one of

---

[8] For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he
    (a) does a tortious act in concert with the other or pursuant to a common design with him, or
    (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or
    (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.
Restatement (Second) of Torts § 876 (1977).

the three factors of Restatement (Second) of Torts § 876.

The plaintiffs offer only conclusory allegations of agreement or concerted behavior in their complaint.[9] (Compl. ¶¶ 9, 33.)  The plaintiffs do not provide factual allegations as to the time, place, or participants of any agreement between the defendants, any allegations as to who within the DeVry organization may have conspired with Whisler, or other facts that plausibly suggest that the defendants acted with a common purpose to deprive the plaintiffs of their civil rights.  The plaintiffs allege that DeVry relied on the false report provided by Officer Whisler; this alone does not give rise to an inference of conspiracy.  For the same reasons, the Court finds that the allegations set forth do not suggest facts necessary to support a claim for aiding and abetting under Pennsylvania law.

E.   Violation of Civil Rights (Count V)

The Court will dismiss Count V in its entirety against both Officer Whisler and DeVry.

1.   First and Fourth Amendment Claims Against DeVry

The Court will dismiss the plaintiffs' First and Fourth

---

[9] In the plaintiffs' opposition to DeVry's motion to dismiss, the plaintiffs further allege that "Devry conspired with Whisler with the intent of depriving them of their employment." (Docket No. 11 at 5.)  To the extent that this statement alleges facts not included in the original complaint, new factual allegations will not be accepted.  See Pepsico, 836 F.2d at 181.

Amendment claims against DeVry because DeVry is a private employer.[10] See Fogarty v. Boles, 121 F.3d 886, 890 (3d Cir. 1997) ("It must be remembered that the First Amendment applies only to public employers . . . ."); Neumeyer v. Beard, 421 F.3d 210, 213 (3d Cir. 2005) (noting that the Fourth Amendment has been made applicable to state actors by operation of the Fourteenth Amendment).

### 2. Fourteenth Amendment

The plaintiffs assert claims against both defendants under the Fourteenth Amendment via 42 U.S.C. § 1983. "To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." Elmore v. Cleary, 399 F.3d 279, 281 (3d Cir. 2005). Under § 1983, a private party acts under "color of law" when it willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right. Abbott v. Latshaw, 164 F.3d 141, 148 (3d Cir. 1998). Because the plaintiffs have not pled a plausible conspiracy between DeVry and Officer Whisler, the Court will

---

[10] The plaintiffs withdrew their First and Fourth Amendment claims in their opposition to Whisler's Motion To Dismiss. (Docket No. 19 at 8.) The plaintiffs failed to specify, however, whether the claim was withdrawn as to both defendants or as to Whisler only. The Court will therefore address the plaintiffs' First and Fourth Amendment claims against DeVry.

dismiss any Fourteenth Amendment claims against DeVry.

The Court will also dismiss any Fourteenth Amendment claims against Whisler. The plaintiffs' complaint fails to specify which clause or clauses of the Fourteenth Amendment any claim is brought under. (Compl. ¶ 37.) In opposition to Whisler's Motion To Dismiss, the plaintiffs clarify that their complaint was meant to allege substantive and procedural due process violations as well as equal protection violations.

To succeed on an equal protection claim, the plaintiffs must show that Officer Whisler's actions were motivated by an intent to discriminate. Washington v. Davis, 426 U.S. 229, 239-40 (1976). The plaintiffs have not made any allegations that suggest that Officer Whisler deliberately falsified the criminal background checks or any other action that suggests an intent to discriminate. The Court will therefore dismiss the plaintiffs' equal protection claim.

Furthermore, Officer Whisler is not alleged to have arrested the plaintiffs or had any role in the actual decision to terminate the plaintiffs' employment. The Court will therefore dismiss any due process claims against Whisler because the plaintiffs have failed to allege that Whisler deprived the plaintiffs of any constitutionally protected interests.

An appropriate Order follows.

```
             IN THE UNITED STATES DISTRICT COURT

         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY NELSON and           :     CIVIL ACTION
KENNETH JONES                :
                             :
          v.                 :
                             :
DEVRY, INC. d/b/a DEVRY      :
UNIVERSITY and KENNETH       :     NO. 07-4436
WHISLER                      :
```

ORDER

AND NOW, this 22nd day of July, 2008, upon consideration of the defendants' motions to dismiss (Docket Nos. 5, 12) and the plaintiffs' memoranda in opposition thereto, IT IS HEREBY ORDERED that, for the reasons stated in the accompanying memorandum:

       1. Defendant Whisler's Motion to Dismiss (Docket No. 12) is GRANTED, and all claims against him are dismissed.

       2. Defendant DeVry's partial Motion to Dismiss (Docket No. 5) is GRANTED, and all claims against it are dismissed except for the plaintiffs' claims under Title VII and the Pennsylvania Human Relations Act.

                                        BY THE COURT:

                                        /s/ Mary A. McLaughlin
                                        Mary A. McLaughlin, J.